Gregory L. Bonilla
MACo Defense Services
2717 Skyway Drive, Suite F
Helena, MT  59602-1213
Ph. (406) 441-5471
Fax (406) 441-5497
gbonilla@mtcounties.org

Counsel for Jefferson County

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | | |
|---|---|---|
| AUDEMIO OROZCO- RAMIREZ, | ) | Cause No.  DV-15-62-H-CCL |
| | ) | Judge: Sam E. Haddon |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER TO COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| JEFFERSON COUNTY, MONTANA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Jefferson County (the County), through its counsel and for its

answer to Plaintiff's Complaint, states and alleges as follows:

**INTRODUCTION**

1.      Answering Paragraph 1, there do not appear to be any allegations

contained therein directed at the County and, therefore, no answer is required.

## PARTIES

2.      Answering Paragraph 2, the County denies Plaintiff was the victim of a sexual assault while detained at the JCDC and denies it failed to adequately investigate or prosecute. Based upon information and belief, the County admits the remaining allegations contained therein.

3.      Answering Paragraph 3, the County admits.

## JURISDICTION & VENUE

4.      Answering Paragraph 4, the County admits.

5.      Answering Paragraph 5, the County admits.

6.      Answering Paragraph 6, the County admits.

## FACTS

7.      Answering Paragraph 7, based upon information and belief, the County admits.

8.      Answering Paragraph 8, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies.

9.      Answering Paragraph 9, the County admits.

10.     Answering Paragraph 10, there do not appear to be any allegations which are directed at the County and, therefore, no answer is required. To the extent an answer is required, the County is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained therein and, therefore, denies.

11.    Answering Paragraph 11, there do not appear to be any allegations which are directed at the County and, therefore, no answer is required. To the extent an answer is required, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies.

12.    Answering Paragraph 12, there do not appear to be any allegations which are directed at the County and, therefore, no answer is required. To the extent an answer is required, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies.

13.    Answering Paragraph 13, the County admits Plaintiff arrived at the JCDC on October 4, 2013, at approximately 3:00 p.m. The remaining allegations contained therein do not appear to be directed at the County and, therefore, no answer to said allegations is required. To the extent an answer is required, the County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies.

14.    Answering Paragraph 14, the County admits A Pod has 10 beds and houses up to ten detainees at a time.

15.     Answering Paragraph 15, the County denies.

16.     Answering Paragraph 16, the County admits Plaintiff was placed in a cell with nine other inmates but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

17.     Answering Paragraph 17, the County admits except, based upon information and belief, only one of the men in Pod A was designated as a sexual or violent offender.

18.     Answering Paragraph 18, the County alleges the video of Plaintiff's activities speaks for itself and, therefore, no answer is required. To the extent an answer is required, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

19.     Answering Paragraph 19, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

20.     Answering Paragraph 20, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

21.     Answering Paragraph 21, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

22.     Answering Paragraph 22, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

23.     Answering Paragraph 23, the County admits there is evidence of semen from two individuals in the front of the underwear Plaintiff wore on the night at issue. One of the samples was Plaintiff's semen. The other sample was degraded which is consistent with previously having been through the wash.

24.     Answering Paragraph 24, the County admits.

25.     Answering Paragraph 25, the County admits Plaintiff remained in JCDC for two more nights. The County further admits JCDC staff did not speak Spanish and also admits Plaintiff was not provided with information in Spanish by JCDC. The County denies the remaining allegations contained therein.

26.     Answering Paragraph 26, the County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

27.     Answering Paragraph 27, the County admits Plaintiff was transferred to Rigby, Idaho on October 7, 2013and that Plaintiff alleged sexual assault was

reported. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

28. Answering Paragraph 28, the County admits Plaintiff spoke with Chapa and that Plaintiff was examined by a nurse. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

29. Answering Paragraph 29, the County alleges that the nurse's note speaks for itself and, therefore, no answer is required.

30. Answering Paragraph 30, the County alleges that the nurse's note speaks for itself and, therefore, no answer is required.

31. Answering Paragraph 31, the County admits it did not share confidential criminal justice information concerning collection or testing of rape kit materials. The County denies the remaining allegations contained therein.

32. Answering Paragraph 32, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning what Plaintiff believed and, therefore, denies the same. The County admits the remaining allegations contained therein.

33. Answering Paragraph 33, the County admits.

34. Answering Paragraph 34, the County admits.

35.     Answering Paragraph 35, the County alleges that the recording of interview speaks for itself and, therefore, no answer is required.

36.     Answering Paragraph 36, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same. Plaintiff was not in the County's custody and, therefore, counsel's communications were probably not with the County.

37.     Answering Paragraph 37, the County admits the interview was the only time Jefferson County sought information from Plaintiff. **The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.**

38.     Answering Paragraph 38, the County, based upon information and belief, admits.

39.     Answering Paragraph 39, the County, based upon information and belief, admits.

40.     Answering Paragraph 40, the County, based upon information and belief, admits.

41.     Answering Paragraph 41, the County admits.

42.     Answering Paragraph 42, the County admits some footage was initially missing from what was produced but alleges this was caused by an error in

copying the video files. Said error since been corrected. The County denies the remaining allegations contained therein.

43. Answering Paragraph 43, the County admits there was missing footage due to a copying error but denies the remaining allegations contained therein.

44. Answering Paragraph 44, the County denies.

45. Answering Paragraph 45, the County alleges that both the request and the response speak for themselves and, therefore, no answer is required.

46. Answering Paragraph 46, the County alleges the interview speaks for itself and, therefore, no answer is required.

47. Answering Paragraph 47, the County alleges the video speaks for itself and, therefore, no answer to the allegations concerning the content of the video is required. The County denies the remaining allegations contained therein.

48. Answering Paragraph 48, the County denies the video cuts out but admits there was no motion to record between 2:13 a.m. and 4:00 a.m.

49. Answering Paragraph 49, the County admits.

50. Answering Paragraph 50, the County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

51.     Answering Paragraph 51, the County admits Johnson acknowledged the copying error and that the *Tribune* printed a story.

52.     Answering Paragraph 52, the County admits the error in copying the video files was corrected but denies "no video was provided from 2:13 a.m. to 4:00 a.m." Rather, the County alleges there was no motion to record in that time frame.

53.      Answering Paragraph 53, the County admits no charges have been brought as a result of the investigation. Based upon information and belief, no confidential criminal justice information has been shared with Plaintiff or his counsel since the Tribune story. The County denies Plaintiff was sexually assaulted.

## COUNT 1 – 42 U.S.C. § 1983, VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS (UNSAFE CONDITIONS)

54.     Answering Paragraph 54, the County realleges its answers to Paragraphs 1 through 53 above as though fully set forth herein.

55.     Answering Paragraph 55, the County admits.

56.     Answering Paragraph 56, the County denies.

57.     Answering Paragraph 57 and its subparts, the County denies.

58.     Answering Paragraph 58, the County admits it was aware of the risks of sexual assault.

59.     Answering Paragraph 59, the County denies.

60.     Answering Paragraph 60, the County admits.

61.     Answering Paragraph 61, the County admits it received payments for housing ICE detainees but denies the remaining allegations contained therein.

62.     Answering Paragraph 62, the County denies.

63.     Answering Paragraph 63, the County denies there was an assault.

64.     Answering Paragraph 64, the County denies.

65.     Answering Paragraph 65, the County denies.

66.     Answering Paragraph 66, the County denies.

67.     Answering Paragraph 67, the County denies.

68.     Answering Paragraph 68, the County denies.

## COUNT II – 42 U.S.C. § 1983, VIOLATION OF FIFTH AND FOURTEENTH AMENDEMENTS (PUNITIVE CONDITIONS)

69.     Answering Paragraph 69, the County realleges its answers to Paragraphs 1 through 68 above as though fully set forth herein.

70.     Answering Paragraph 70, to the extent the allegations contained therein require a legal conclusion, the County is not required to answer. The County lacks sufficient knowledge or information to form a belief as to the truth of whether Plaintiff was a civil detainee and, therefore, denies the same.

71.     Answering Paragraph 71, the County denies.

72.     Answering Paragraph 72, the County denies.

73.     Answering Paragraph 73, the County denies.

74.     Answering Paragraph 74, the County denies.

75. Answering Paragraph 75, the County denies.

76. Answering Paragraph 76, the County denies.

## COUNT III – NEGLIGENCE

77. Answering Paragraph 77, the County realleges its answers to Paragraphs 1 through 76 above as though fully set forth herein.

78. Answering Paragraph 78, the County admits.

79. Answering Paragraph 79, the County denies.

80. Answering Paragraph 80, the County denies.

81. Answering Paragraph 81, the County denies.

## COUNT IV – NEGLIGENCE PER SE

82. Answering Paragraph 82, the County realleges its answers to Paragraphs 1 through 81 above as though fully set forth herein.

83. Answering Paragraph 83, the County denies it violated the Prison Rape Elimination Act (the Act) and alleges the Act speaks for itself and, therefore, no answer to the remaining allegations contained therein is required.

84. Answering Paragraph 84, the County alleges the Act speaks for itself and, therefore, no answer to the allegations contained therein is required.

85. Answering Paragraph 85, the County denies a sexual assault occurred and alleges the Act speaks for itself and, therefore, no answer to the remaining allegations contained therein is required.

86.     Answering Paragraph 86, the County alleges the Act speaks for itself and, therefore, no answer to the allegations contained therein is required.

87.     Answering Paragraph 87, the County denies.

88.     Answering Paragraph 88, the County denies.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

89.     Answering Paragraph 89, the County realleges its answers to Paragraphs 1 through 88 above as though fully set forth herein.

90.     Answering Paragraph 90, the County admits.

91.     Answering Paragraph 91, the County denies.

92.     Answering Paragraph 92, the County denies.

93.     Answering Paragraph 93, the County denies.

94.     Any allegation not specifically admitted, qualified, or denied above are hereby denied.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Jefferson County upon which relief can be granted.

### Second Affirmative Defense

Jefferson County conformed to all applicable duties, thereby barring Plaintiff's claims.

### Third Affirmative Defense

Jefferson County did not owe Plaintiff a constitutional legal duty.

## Fourth Affirmative Defense

No act or omission of Jefferson County caused Plaintiff to be subjected to a deprivation of federal rights, privileges, or immunities.

## Fifth Affirmative Defense

Jefferson County did not act in a manner which provides a basis for liability against it under 42 U.S.C. § 1983.

## Sixth Affirmative Defense

No policy, practice, or custom of Jefferson County's caused a deprivation of Plaintiffs' constitutional rights.

## Seventh Affirmative Defense

No acts or omissions of Jefferson County were the cause in fact or the legal cause of any damage or injury alleged by Plaintiff.

## Eighth Affirmative Defense

Plaintiff failed to exhaust his administrative remedies and, therefore, his claims are barred.

## Ninth Affirmative Defense

Plaintiff's claims are offset or barred by his failure to take reasonable care to minimize or to otherwise mitigate his damages, if any.

## Tenth Affirmative Defense

Damages awarded under state law, if any, are limited as set forth in Montana Code Annotated §§ 2-9-105, 2-9-108, 2-9-305, 2-9-314, and 2-9-317.

<h3 align="center">Eleventh Affirmative Defense</h3>

Defendants are entitled to an award of attorney's fees in defending against Plaintiff's § 1983 claim pursuant to 42 U.S.C. § 1988.

<h3 align="center">Applicability of Affirmative Defenses</h3>

Jefferson County reserves the right to amend its Answer to add additional affirmative defenses that become known through the course of discovery. The foregoing affirmative defenses were asserted based on information and belief that they are or may be applicable to the present claims being presented by Plaintiff. In the event the affirmative defenses are not legally or factually warranted, any such inapplicable affirmative defenses will be voluntarily withdrawn at the close of discovery. Likewise, any additional affirmative defenses which become known through the course of discovery will be asserted.

DATED this 11th day of August, 2015

MACo Defense Services

 /s/ Gregory L. Bonilla
Gregory L. Bonilla

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable.

DATED this 11th day of August, 2015.

MACo Defense Services


 /s/ Gregory L. Bonilla
Gregory L. Bonilla