Trevor L. Uffelman
Uffelman Law PC
1410 Knight Street
Helena, MT 59601
Telephone: (406) 461-0569
Email: trevor@uffelmanlaw.com

Amy P. Knight
Kuykendall & Associates
531 South Convent Avenue
Tucson, AZ 85701
Telephone: (520) 792-8033
Email: amyknight@kuykendall-law.com

Shahid Haque-Hausrath
Border Crossing Law Firm, P.C.
312 N. Ewing Street, 2nd Floor
Helena, Montana 59601
Telephone: (406) 594-2004
Email: shahid@bordercrossinglaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AUDEMIO OROZCO-RAMIREZ,<br>Plaintiff,<br><br>vs.<br><br>JEFFERSON COUNTY, MONTANA,<br><br>Defendant. | Case No. 15-CV-0062-CCL<br><br>**PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |

PLAINTIFF, through counsel, pursuant to D. Mont. L.R. 16.2(b)(1) and the Court's August 13, 2015 Order (doc. 5), hereby files his preliminary pretrial statement.

### a. Issues concerning jurisdiction and venue

Defendant has admitted all venue and jurisdiction allegations in the complaint. This Court has jurisdiction under 28 U.S.C. § 1331, because this action arises under the laws and Constitution of the United States, including 42 U.S.C. § 1983. This Court has authority to award attorneys' fees under 42 U.S.C. §1988(b). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same transaction or occurrence as the federal claims. Venue is proper in this district and this division under 28 U.S.C. § 1391 and Local Rules 1.2(c) and 3.2(b) because the events at issue occurred in Boulder, Montana.

### b. The factual basis of each claim advanced by Plaintiff; brief factual outline of the case

Plaintiff Audemio Orozco-Ramirez was being held as a civil detainee in the Jefferson County Detention Center pending immigration proceedings, pursuant to a contract with the U.S. Marshals Service/Immigration and Customs Enforcement ("ICE"). Mr. Orozco-Ramirez, who does not speak or understand English, was given no information about sexual assault prevention or response, and was placed

in a pod in the jail with 9 men who were criminal detainees, at least one of whom was classified as a sexual or violent offender.

In the early morning hours, Mr. Orozco-Ramirez awoke and was being sexually assaulted. He was penetrated anally, he believes by more than one person. He was not able to report the assault three days later when he was transferred to a facility in Idaho where there was a Spanish-speaking officer. He was taken to a hospital and examined by a nurse who found that the symptoms Mr. Orozco-Ramirez described were consistent with rectal penetration. Mr. Orozco-Ramirez was then transported back to Helena, where he was kept in handcuffs interviewed by Jefferson County law enforcement personnel about the incident.

On Plaintiff's request, the County then produced an incomplete set of video footage from the pod at the jail where Mr. Orozco-Ramirez was held during the relevant time period, which the County claimed was complete footage. After repeated requests and media coverage, the County ultimately produced additional footage, but the produced footage still contains unexplained jumps and gaps during the relevant time period. Mr. Orozco-Ramirez continually expressed his willingness to assist in the investigation and his desire for information about the status, but was given almost no information and was not contacted for any further assistance. He was recently informed, shortly after this lawsuit was filed, that the investigation had been closed.

At the time of Mr. Orozco-Ramirez's detention, Jefferson County provided little or no training to its staff on sexual assault prevention, detection, and response. They provided no information to detainees on these topics, let alone information in Spanish. They lacked any remotely sufficient program to comply with their duties under state and federal law to protect the detainees in their custody from harm generally, and sexual assault specifically.

## COUNT I – 42 U.S.C. § 1983, VIOLAITON OF FIFTH AND FOURTEENTH AMENDMENTS (UNSAFE CONDITIONS)

This claim is based on the County's lack of specific or adequate policies or procedures designed to prevent sexual assault, inadequate staff training, inadequate staffing policies, failure to require staff to adhere to what minimal policies do exist, failure to comply with standards put forth by ICE, the American Correctional Association, and the United States Department of Justice, failure to supervise inmates, failure to adequately investigate staff prior to hiring, failure to supervise staff, failure to use an adequate and reliable surveillance system, failure to institute meaningful and accessible grievance procedures, failure to discipline staff and inmates displaying inappropriate sexual behavior, and failure to conduct meaningful assessments and evaluations of the safety of the jail. Plaintiff reserves the right to supplement this list as discovery and investigation continue.

## COUNT II – 42 U.S.C. § 1983, VIOLAITON OF FIFTH AND FOURTEENTH AMENDMENTS (PUNITIVE CONDITIONS)

This claim is based on the same facts as the previous claim, in addition to the County's housing civil and criminal detainees in identical conditions and in the very same pods, subjecting civil detainees including Plaintiff to conditions that are harsh beyond the necessary fact of confinement, and subjecting detainees, including particularly vulnerable detainees such as those who do not speak English, to conditions where they are assaulted by other inmates. Plaintiff reserves the right to supplement this list as discovery and investigation continue.

## COUNT III – NEGLIGENCE

This claim is based on the facts detailed above, specifically including inadequately staffing the jail, inadequately training staff, using inadequate surveillance systems, failing to respond appropriately to allegations of assault, and adopting inadequate policies and practices to protect inmates from harm by staff and fellow inmates, such as classification and grievance procedures. Plaintiff reserves the right to supplement this list as discovery and investigation continue.

## COUNT IV – NEGLIGENCE PER SE

This claim is based on the facts detailed above, and specifically on the County's failure to comply with the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.*, and its 2012 regulations, 28 C.F.R. Part 115, along with

other applicable standards and regulations, including ICE detention standards. Plaintiff reserves the right to supplement this list as discovery and investigation continue.

COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

This claim is based on the County's failure to protect Plaintiff from sexual assault in the ways detailed above, in addition to the County's treatment of Plaintiff after the assault, including its failure to treat him with respect during the investigation, handcuffing him while interviewing him about his assault, and failing to conduct an appropriate investigation.

**c.  The legal theory underlying each claim**

COUNT I – 42 U.S.C. § 1983, VIOLAITON OF FIFTH AND FOURTEENTH AMENDMENTS (UNSAFE CONDITIONS)

Plaintiff, as a civil detainee, has a substantive due process right under the Fifth and Fourteenth Amendments of the United States Constitution to be detained under conditions that are safe. *See Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982). 42 U.S.C. § 1983 provides a federal cause of action for the violation of these rights. Local government entities, such as Jefferson County, can be liable under § 1983 pursuant to *Monell v. Department of Social Services,* 436 U.S. 658 (1978) when, as here, the violation results from an unconstitutional custom, practice, or policy.

## COUNT II – 42 U.S.C. § 1983, VIOLAITON OF FIFTH AND FOURTEENTH AMENDMENTS (PUNITIVE CONDITIONS)

Plaintiff, as a civil detainee, has a substantive due process right under the Fifth and Fourteenth Amendments of the United States Constitution to be detained under conditions that are not punitive. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1104 (9th Cir. 2004). 42 U.S.C. § 1983 provides a federal cause of action for the violation of these rights. Local government entities, such as Jefferson County, can be liable under § 1983 pursuant to *Monell v. Department of Social Services,* 436 U.S. 658 (1978) when, as here, the violation results from an unconstitutional custom, practice, or policy.

## COUNT III – NEGLIGENCE

The County owes individuals in its custody a duty to protect them from harm. The duty is heightened in light of the special relationship between the County and detainees in its custody. *See Nelson v. Driscoll*, 1999 MT 193, ¶ 22. The County breached this duty in the ways described above, causing damages to the Plaintiff.

## COUNT IV – NEGLIGENCE PER SE

A defendant is negligent as a matter of law when the defendant violated particular statutes or regulations that are enacted to protect a specific class of individuals of which the plaintiff is a member, when the type of injury that occurs

is of the type the statutes or regulations were enacted to prevent and the defendant is a member of the class the statutes or regulations were intended to regulate. *See Massee v. Thompson*, 2004 MT 121, ¶ 30. Here, the County violated the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.*, and its 2012 regulations, 28 C.F.R. Part 115, along with the applicable ICE detention standards, all of which are designed to regulate detention facilities, such as the Jefferson County Detention Center, and to protect detainees, such as plaintiff, from the specific harm of sexual assault.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

A Plaintiff will prevail on a claim of negligent infliction of emotional distress "where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent act or omission" *Henricksen v. State*, 2004 MT 20, ¶ 72. Here, the County's failures to protect Plaintiff, along with its inappropriate responses and insufficient investigation into his assault, foreseeably caused him serious and severe emotional distress.

    d. <u>Computation of damages</u>

Mr. Orozco-Ramirez is entitled to general damages as proven at trial, including damages for pain and suffering and emotional distress. He is also entitled to punitive damages under § 1983, as well as attorney fees. In addition, Plaintiff's treatment for and recovery from the severe emotional trauma inflicted upon him is

only just beginning. He may continue to incur expenses going forward for counseling and other types of treatment, the cost of which is unknown at this time.

    e. **The pendency or disposition of any related state or federal litigation**

There was a state action in the Fifth Judicial District Court, Jefferson County concerning the release of confidential criminal justice information pertaining to the investigation of Plaintiff's assault by Jefferson County. The Jefferson County case number is DV-2013-67. That case was resolved with an order for the County to release the information to Plaintiff under certain conditions. Plaintiff is not aware of any other related litigation at this time.

    f. **Proposed stipulations of fact and law**

Fact:

1. Plaintiff was a civil immigration detainee at the Jefferson County Detention Center from October 4 through October 7, 2013.
2. Plaintiff was not being held on any criminal charge. He was being held for civil purposes only.

Law:

1. The County has a duty to protect individuals in its custody from harm.

    g. **Proposed deadlines for joined of parties or amendment of pleadings**

Consistent with the joint case management plan filed September 14, 2015, Plaintiff proposes December 4, 2015 as a deadline for joinder and amendment.

### h. Controlling issues of law suitable for pretrial disposition

Plaintiff anticipates that some claims may be resolvable via summary judgment. However, Plaintiff believes the disputes in this case are primarily factual, not legal.

### i. Prospects for compromise and the feasibility of settlement negotiations

Plaintiff believes that settlement negotiations and/or a magistrate judge settlement conference may be fruitful after some discovery is completed.

### j. Suitability of special procedures or expedited trial docket

Plaintiff does not believe this case is suitable for any special procedures.

Dated this 22nd day of October, 2015.

                                          UFFELMAN LAW PC

                                          By: /s/ Trevor L. Uffelman
                                          Trevor L. Uffelman
                                          Attorney for Plaintiff