Gregory L. Bonilla
MACo Defense Services
2717 Skyway Drive, Suite F
Helena, MT  59602-1213
Ph. (406) 441-5471
Fax (406) 441-5497
gbonilla@mtcounties.org

Counsel for Jefferson County

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| AUDEMIO OROZCO-RAMIREZ, | ) Cause No.  DV-15-62-H-CCL |
| | ) Judge: Sam E. Haddon |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT'S PRELIMINARY** |
| | ) **PRETRIAL STATEMENT** |
| JEFFERSON COUNTY, MONTANA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Defendant Jefferson County (the County), through its counsel and pursuant to L.R. 16.2(b)(1) and this Court's Order dated August 13, 2015 (Doc/ 5), submits herein its Preliminary Pretrial Statement as follows:

//

//

### A. The Basis for Jurisdiction and Venue

Federal jurisdiction is based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331. The basis for pendant jurisdiction over Plaintiff's state law claims is 28 U.S.C. § 1367.

### B-C. Factual Basis for, and Legal Theory Underlying, Each Defense

#### 1. Failure to State a Claim

This affirmative defense was raised to avoid waiver. If discovery reveals this defense is unsupported by the evidence, it will not be pursued.

#### 2. Conformance to All Applicable Duties

The video evidence, forensic evidence, and witness statements indicate no rape occurred. Thus, the County did not commit an affirmative act nor did it fail to perform an act which constituted a breach of a duty it owed to Plaintiff and, therefore, the County is not liable to Plaintiff. It must be noted that, although Plaintiff contends there is missing or destroyed video footage, the cameras in Pod A where Plaintiff was held from October 4, 2013 through October 7, 2013 recorded all movement during Plaintiff's detention at the Jefferson County Detention Center (JCDC) and all recordings have been provided to Plaintiff's counsel.

#### 3. No Constitutional Legal Duty

This affirmative defense was raised to avoid waiver. If discovery reveals this defense is unsupported by the evidence, it will not be pursued.

### 4. No Act or Omission of the County's Subjected Plaintiff to a Deprivation of Rights

The County contends, based upon its criminal investigation and the investigation by the Department of Homeland Security, no rape occurred. Thus, no act or omission of the County's could have led to a deprivation of Plaintiff's rights.

### 5. No Basis for Liability Under § 1983

The County's customs, policies, and procedures were constitutionally sufficient and the County did not act with deliberate indifference toward Plaintiff. A plaintiff seeking to impose § 1983 liability on local governments must prove that their injury was caused by "action pursuant to official municipal policy," which includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). Because Plaintiff was not damaged by the execution of a County policy or custom, or a failure to adopt policies which amounted to deliberate indifference, the County is not liable to him under 42 U.S.C. § 1983.

Moreover, a county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondent superior. *Monell v. Department of Social Services,* 436 U.S. 658 (1978). It is when the execution of a government's policy or custom inflicts the injuries that the government, as an entity, is responsible under § 1983. *Monell,* 436 U.S. at 694.

Alternatively, liability may be based on a practice or custom of omission amounting to deliberate indifference. *Gibson v. City of Washoe, Nevada*, 290 F.3d 1175, 1186 (9th Cir. 2002). If, as the County contends, no rape occurred, Plaintiff could not have been damaged by the execution of a County policy or custom. Because he was not damaged by a failure to adopt policies which amounted to deliberate indifference,[1] the County is not liable to Plaintiff under § 1983.

### 6. No Policy, Practice, or Custom of the County's Deprived Plaintiff of His Constitutional Rights

Plaintiff was not damaged by the execution of a County policy or custom, nor was he damaged by a failure to adopt policies which amounted to deliberate indifference. Therefore, the County is not liable under § 1983.

### 7. Causation

The County did not commit an affirmative act nor did it fail to perform an act which caused damage or injury to Plaintiff.

### 8. Failure to Exhaust Administrative Remedies

Inmates must exhaust all administrative remedies before bringing an action with respect to the allegedly unconstitutional conditions in a correctional facility.

---

[1] A local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for § 1983 purposes, but the failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412. Deliberate indifference in this context requires proof that government policymakers disregarded the "known or obvious consequence" that a particular omission in their training program would cause government employees to violate citizens' constitutional rights. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626. Pp. 1358 – 1360. *Connick v. Thompson*, 131 S. Ct. 1350, 1354, 179 L. Ed. 2d 417 (2011).

Plaintiff made no attempt to report the alleged sexual assaults or otherwise seek an administrative remedy as provided for under JCDC policy and, therefore, his claims of unconstitutional treatment are barred.

### 9. Failure to Mitigate Damages

This affirmative defense was raised to avoid waiver. If discovery reveals this defense is unsupported by the evidence, it will not be pursued.

### 10. Damages Limited by Montana Law

Montana Code Annotated §§ 2-9-105, 2-9-108, 2-9-305, 2-9-314, and 2-9-317 bar or limit Plaintiff's recovery of state law damages, if any.

### 11. The County Is Entitled to Attorney Fees

Pursuant to 42 U.S.C. § 1988, the County may be entitled to an award of attorney fees for the successful defense of a § 1983 claim.

### D. Computation of Damages

The County is not seeking damages.

### E. Pendency or Disposition of Any Related State or Federal Litigation

The County is unaware of any pending related litigation. There was an action in Montana District Court (Jefferson County) to release confidential criminal justice information which resulted in an order releasing the information (DV-2013-67).

//

**F. Proposed Stipulations of Fact**

1. Jefferson County is a political subdivision of the State of Montana.

2. Plaintiff is a Mexican national.

3. Plaintiff was held at the JCDC from October 4, 2013, through October 7, 2013.

**G. Proposed Deadlines Related to Joinder and Amendment**

The parties agree December 12, 2015, should be the deadline to amend pleadings (Doc. 6) and the County proposes that should be the deadline for joinder of parties as well.

**H. Controlling Issues of Law Suitable for Pretrial Disposition**

Several issues are likely to be brought to the Court's attention for pretrial disposition including, but not limited to, whether the alleged rape occurred, Plaintiff's failure to exhaust his administrative remedies, and the adequacy of the County's policies and procedures.

**I. Status of Settlement Discussions and Prospect for Compromise**

No settlement discussions have occurred. Defendants have not foreclosed the possibility of settlement, but note that it may be extremely difficult in this case given the substantial and credible evidence indicating that a rape did not occur.

//

//

### J. Suitability of Special Procedures

The County does not believe any special procedures are required in this case.

DATED this 22nd day of October, 2015

                                  MACo Defense Services

                                  /s/ Gregory L. Bonilla
                                  Gregory L. Bonilla